[No. 6463.]

THE BURLINGTON AND COLORADO RAILROAD COMPANY v. SPRIGGS.

**Practice—General Verdict on Good and Bad Counts**—Where, in an action for negligence, the plaintiff complains in two counts, one for negligence at common law, the other for a failure to comply with a void statute, and the cause is tried upon both counts and submitted to the jury, under instructions which apply such void statute, exacting compliance therewith on the part of defendant, and the verdict is general, a judgment for the plaintiff must be reversed.— (231, 232)

*Appeal from Yuma County Court*—Hon. J. S. HENDRIE, Judge.

Mr. E. E. WHITTED and Messrs. VAILE, McALLISTER & VAILE for appellant.

Mr. W. G. SMITH for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

The action is for the recovery of damages from the defendant (appellant), a railroad company, in the sum of $200.00, for the alleged negligent killing by it of a mare, the property of plaintiff (appellee). Two separate causes of action are stated: One for common-law negligence, because of the alleged careless manner of running and operating defendant's engine and train of cars, and the other for negligence

for failure, as is claimed, to fence its right-of-way and erect and maintain cattle guards at a public crossing, where the mare was killed, as provided by the statute of 1902. Trial was to a jury, and, after motion for new trial overruled, judgment was rendered and entered thereon. It is to reverse this judgment that the defendant brings the case here on appeal.

The case was submitted to the jury under instructions which assumed to be in force and effect, the so-called stock-fencing statute of 1902. By Instruction No. 1, the court told the jury that, until defendant had shown that it had complied with the law relative to fencing and erecting cattle guards sufficient to prevent live stock, including horses, from entering upon its right-of-way, and that such fencing and cattle guards were maintained in good order at the time the mare was killed, the burden was upon it, in order to avoid liability, to show lack of negligence on its part, in operating, by itself or another, the engine and train by which the mare was killed. This instruction clearly recognized and sought to enforce that statute of 1902, and undertook to apply the provision thereof which made proof of killing *prima facie* evidence of negligence, and then shifts the burden to the defendant of showing no negligence.

While the case was also submitted on the theory· of common-law negligence, it is impossible, from the record, to even hazard a guess upon which cause of action, or upon what theory, the verdict was returned. It might have been upon either cause of action, or upon either the theory of common-law, or of statutory negligence. It was clear error to submit to the jury the question of any liability by the defendant at all upon the question of statutory negligence, as the law then supposed to be in force, and which was relied upon by plaintiff, as creating

such liability, has been by this court held unconstitutional and void.—*Denver & Rio Grande Railroad Co. v. Moss,* decided March 6, 1911. For this error, the judgment must be reversed, and the cause remanded for a new trial confined to the cause of action based on common-law negligence. It is unnecessary to consider or pass upon other supposed errors which have been urged upon us, as at a new trial none of them may occur again.

*Reversed and remanded.*

CHIEF JUSTICE CAMPBELL and MR. JUSTICE WHITE concur.